IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VELOCITY SERVICES LLC, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Civil Action No. |
| v. | )<br>) |
| KMG-BERNUTH, INC., | )<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Velocity Services LLC, through its attorneys, Metz Lewis Brodman Must O'Keefe LLC, files this Complaint.

### PARTIES

1. Plaintiff Velocity Services LLC ("Velocity") is an Illinois limited liability company duly licensed to do business in Pennsylvania with a registered office address at 2403 Sidney Street, Suite 222, Pittsburgh, Pennsylvania 15203.

2. Defendant KMG-Bernuth, Inc. ("KMG") is a Delaware corporation duly licensed to do business in Pennsylvania with its headquarters at 9555 West Sam Houston Parkway South, Suite 600, Houston, Texas 77099.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over KMG under Pennsylvania's long-arm statute, 42 Pa.C.S. § 5322(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## FACTUAL BACKGROUND

6. On January 19, 2012, Velocity and KMG entered into an Extended Services Agreement (the "Agreement") pursuant to which Velocity agreed to provide, and KMG agreed to pay for, railcar washing and railcar hand cleaning services for KMG's creosote railcars. (A true and correct copy of the Agreement is attached hereto as Exhibit "A.")

7. KMG agreed to pay Velocity according to a fee schedule based upon the type of service that Velocity was required to perform as to each railcar delivered by KMG. (*See id.* § 5.)

8. The Agreement provided, among other things, that "invoices will be rendered on the earlier of completion of Services or monthly and are due and payable net thirty (30) days from date of invoice. For each thirty (30) days or part thereof that an invoice remains overdue, interest will be charged on the unpaid balance at a rate not exceeding the maximum lawful rate." (*Id.* § 5.4.)

9. Velocity thereafter performed its obligations under the Agreement by providing the Services, as that term is defined in the Agreement, to KMG.

10. Between December 29, 2014 and January 6, 2015, KMG delivered seven separate railcars to Velocity pursuant to the Agreement.

11. Velocity thereafter performed the Services with respect to each of those seven railcars in accordance with the Agreement.

12. Velocity began cleaning the first of these seven railcars on January 8, 2015, and it completed cleaning all of them by January 29, 2015.

13. Between January 19, 2015 and January 29, 2015, Velocity issued seven invoices to KMG requesting payment for the services Velocity had performed with respect to each of those seven railcars.

14. The invoices totaled $171,416.50.

15. To date, which is more than thirty days after each of the above-referenced seven invoices were issued to KMG, KMG has failed and refused to pay Velocity for its services.

16. KMG's failure and refusal to pay Velocity for its services constitutes a material breach of the parties' Agreement.

## COUNT I—BREACH OF CONTRACT

17. The averments of paragraphs 1 through 16 above are incorporated by reference.

18. The Agreement constitutes a written and enforceable contract pursuant to which Velocity agreed to provide, and KMG agreed to pay for, railcar washing and railcar hand cleaning services for KMG's creosote railcars.

19. Velocity thereafter performed its obligations under the Agreement by providing the Services, as that term is defined in the Agreement, to KMG.

20. To date, despite Velocity's issuance of invoices for its services and otherwise demanding payment from KMG, KMG has failed and refused to pay Velocity.

21. KMG's failure and refusal to pay constitutes a material breach of the Agreement.

22. As a direct and proximate result of KMG's breach of the Agreement, Velocity has suffered damages in the amount of $171,416.50, exclusive of interest and costs.

WHEREFORE, Plaintiff Velocity Services LLC respectfully requests that the Court enter judgment in its favor and against Defendant KMG-Bernuth, Inc. in the amount of $171,416.50, exclusive of interest and costs.

## COUNT II—UNJUST ENRICHMENT

23. The averments of paragraphs 1 through 22 above are incorporated by reference.

24. This Count II is pled in the alternative to Count I, and only to the extent the Court deems the parties' Agreement unenforceable for any reason.

25. Velocity conferred benefits on KMG in the form of the washing and cleaning services provided to KMG's railcars.

26. KMG appreciated the benefits of Velocity's washing and cleaning services, as KMG's railcars were washed and cleaned.

27. It would be inequitable for KMG to retain the benefits of Velocity's services without KMG paying for those benefits.

28. As a direct and proximate result of KMG's unjust enrichment, Velocity has suffered damages in the amount of $171,416.50, exclusive of interest and costs.

WHEREFORE, Plaintiff Velocity Services LLC respectfully requests that the Court enter judgment in its favor and against Defendant KMG-Bernuth, Inc. in the amount of $171,416.50, exclusive of interest and costs.

Respectfully submitted,

METZ LEWIS BRODMAN MUST O'KEEFE LLC

Date: June 19, 2015   By: /s/ Joshua D. Baker
Justin T. Barron (PA I.D. No. 200394)
Joshua D. Baker (PA I.D. No. 308243)
535 Smithfield Street, Suite 800
Pittsburgh, PA 15222
(412) 918-1100
jbarron@metzlewis.com
jbaker@metzlewis.com

Attorneys for Plaintiff,
Velocity Services LLC

4